STATE OF NORTH CAROLINA                IN THE GENERAL COURT OF JUSTICE
                                       SUPERIOR COURT DIVISION
COUNTY OF ROWAN                        FILE NO. 05-CVS-_126_

SARA E. JOHNSON a/k/a Libby Johnson,   )
                                       )
                        Plaintiff,     )
vs.                                    )
                                       )          COMPLAINT
MBNA AMERICA BANK, NATIONAL            )     (JURY TRIAL DEMANDED)
ASSOCIATION,                           )
                                       )
                        Defendant.     )

The Plaintiff, complaining of the acts of the Defendant, says and alleges:

1. This is an action to recover damages under the Fair Credit-reporting Act and North Carolina law and for declaratory and injunctive relief.

2. The Plaintiff is a citizen and resident of Rowan County, North Carolina.

3. Upon information and belief, the Defendant, MBNA AMERICA BANK, N.A. ("MBNA") is a national banking association organized and existing under the laws of the United States of America.

4. At all relevant times described herein, each employee of the Defendant identified below was acting within the scope of his or her authority.

5. After the death of her husband, Ms. Johnson learned that her husband had a credit card account with either MBNA or another bank, which was bought by MBNA; account number 5490 9984 6242 8781 ("Account"). She also learned that the statements for the Account were being sent to a post office box maintained by her husband; that being P.O. Box 5183, Salisbury, North Carolina 28147.

-1-

Case 1:05-cv-00150-WWD   Document 2-2   Filed 02/23/05   Page 1 of 8

6. At the time the Account was opened, Ms. Johnson was unaware of the Account and she had no involvement in or knowledge of the opening of the Account. Ms. Johnson never knew about the Account prior to the death of her husband.

7. Ms. Johnson did not open the Account and she never authorized her husband or anyone else to open the Account in her name.

8. After her husband's death, MBNA began attempting to collect the outstanding balance on the Account from Ms. Johnson.

9. Ms. Johnson told MBNA that she did not know anything about the Account and asked it to provide her documents she signed regarding the account. MBNA has never produced any document signed by Ms. Johnson.

10. Thereafter, the Defendant hired a law firm to continue trying to collect the balance on the Account from the Plaintiff.

11. The Plaintiff again disputed the debt and requested documentation showing that she opened the account. Again, no such documents were produced by the Defendant or its law firm.

12. Thereafter in or about September 2004, the Defendant filed an arbitration demand against the Plaintiff with the National Arbitration Forum. At the time the Defendant filed the arbitration demand, it knew that the Plaintiff was not indebted to it and it knew that the Plaintiff had never entered into an arbitration agreement with it.

13. In response, the Plaintiff objected to the arbitration proceeding, but the Defendant still continued to prosecute the arbitration proceeding against her.

14. Thereafter, the Defendant continued to demand money from the Plaintiff on the Account.

Case 1:05-cv-00150-WWD   Document 2-2   Filed 02/23/05   Page 2 of 8

15. On January 13, 2004, just prior to the arbitration hearing, the Defendant abandoned its arbitration claim.

16. The Defendant reported and continues to report derogatory credit information to one or more credit-reporting agencies to be included in Ms. Johnson's credit file regarding the Account.

17. On or about October 15, 2004, the Plaintiff disputed the derogatory credit information with the credit-reporting agencies.

18. Upon information and belief, one or more credit-reporting agencies notified the Defendant of the Plaintiff's dispute, and the Defendant verified the false information to each such credit-reporting agency.

19. Upon information and belief, the Defendant failed or refused to conduct a reasonable investigation of the Plaintiff's dispute prior to verifying the false information to each credit-reporting agency.

20. The Defendant has failed and refused to remove the Account from the Plaintiff's credit file with the credit-reporting agencies and it has continued to report negative credit information to one or more credit-reporting agencies on the Account regarding the Plaintiff. This negative credit information was false, and it injured and continues to injure the Plaintiff's credit reputation.

21. The Plaintiff's credit reputation has been damaged as a result of the Defendant's false representations to one or more credit-reporting agencies.

22. The Plaintiff's access to credit has been damaged as a result of the Defendant's false representations to one or more credit-reporting agencies and a number of the Plaintiff's open lines

of credit have been reduced as a result of the Defendant's false representations, including a bank credit line which has been suspended due to the false derogatory credit information.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

17. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

18. Pursuant to Article 26, Chapter 1 of the North Carolina General Statutes, the Plaintiff is entitled to a declaration that she did not contract with the Defendant on the Account or guaranty the Account to the Defendant and that she is not indebted to it on the Account.

## SECOND CAUSE OF ACTION
### (Defamation)

19. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

20. The statements made by the Defendant to one or more credit-reporting agencies were false.

21. The false statements injured the Plaintiff's credit reputation and have caused her undue worry, anxiety and stress.

22. The false statements were made willfully and maliciously with an intent to injure the Plaintiff or were made with a reckless and wanton disregard for the truth.

23. The Plaintiff is entitled to recover actual and punitive damages from the Defendant as a result of the false statements.

## THIRD CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices)

24. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

25. The actions of the Defendant constitute unfair and deceptive practices in violation of N.C.G.S. § 75-1.1.

26. The Plaintiff has suffered actual damages as a proximate cause of the Defendant's actions.

27. The Plaintiff is entitled to recover from the Defendant treble damages in excess of $10,000 and attorney fees pursuant to N.C.G.S. §§ 75-16 and 75-16.1.

## FOURTH CAUSE OF ACTION
### (Violation of the Fair Credit-Reporting Act)

28. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

29. The Plaintiff is a consumer as contemplated by the Fair Credit-reporting Act, 15 U.S.C. § 1681 a(c).

30. The Defendant is a furnisher of information as contemplated by the Fair Credit-reporting Act section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with consumers.

31. The Defendant failed in its duties to reinvestigate the Plaintiff's dispute.

Case 1:05-cv-00150-WWD   Document 2-2   Filed 02/23/05   Page 5 of 8

32. The Defendant has willfully and or negligently verified to one or more credit-reporting agencies, information known by it to be false in violation of Section 1681s-2(b) of the Fair Credit-reporting Act.

33. As a result of the Defendant's violations of the Fair Credit-reporting Act, the Plaintiff suffered injury to her credit reputation and has suffered undue worry, anxiety and stress and loss of happiness.

## FIFTH CAUSE OF ACTION
### Prohibited Acts by Debt Collectors

34. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

35. The Defendant is a debt collector as defined by N.C.G.S. § 75-50.

36. The Plaintiff is a consumer as defined by N.C.G.S. § 75-50.

37. The Defendant violated Article 2, Chapter 75 of the North Carolina General Statutes as follows:

   a. It violated §75-51 on at least one occasion by collecting or attempting to collect a debt alleged to be due and owing from the Plaintiff by unfair threat, coercion, or attempt to coerce.

   b. It violated §75-52 on at least one occasion by using conduct, the natural consequence of which was to oppress the Plaintiff in connection with the attempt to collect a debt.

Case 1:05-cv-00150-WWD   Document 2-2   Filed 02/23/05   Page 6 of 8

c. It violated §75-54 on at least one occasion by collecting or attempting to collect a debt or obtaining information concerning Plaintiff by a fraudulent, deceptive, or misleading representation.

d. It violated §75-54 (4) by falsely representing the creditor's rights or intentions.

e. It violated §75-55 on at least one occasion by collecting or attempting to collect any debt by use of unconscionable means.

38. The Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1.

39. As a result of the Defendant's acts, the Plaintiff suffered undue embarrassment, humiliation, stress, fear, worry, and anxiety and expense.

40. As a result of the above violations, the Plaintiff is entitled to recover from the Defendant actual damages and a statutory penalty in the amount of $2,000.00 per violation of Article 2, Chapter 75 of the North Carolina General Statutes, all in an amount in excess of $10,000.00.

41. The Plaintiff is entitled to recover from the Defendant a reasonable attorney's fee incurred in bringing this action, pursuant to North Carolina General Statute § 75-16.1.

### SISXTH CAUSE OF ACTION
(Injunctive Relief)

42. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

43. The Plaintiff is entitled to an order requiring the Defendant to remove the Account from her credit file at each credit-reporting agency to which it has reported the Account and

Case 1:05-cv-00150-WWD   Document 2-2   Filed 02/23/05   Page 7 of 8

enjoining it from representing to any third party, including credit-reporting agencies, that the Plaintiff has ever been indebted on the Account.

**WHEREFORE**, the Plaintiff respectfully prays the Court:

1. That the Court declare she is not indebted on the Account.

2. That the Court enter an order requiring the Defendant to remove the Account from her credit file at each credit-reporting agency to which it has reported the Account and enjoining it from representing to any third party, including credit-reporting agencies, that the Plaintiff has ever been indebted on the Account.

3. That she have and recover from the Defendant actual and treble or punitive damages in an amount in excess of $10,000.00 to be determined by trial.

4. That she have and recover from the Defendant a statutory penalty pursuant to N.C.G.S. § 75-56 in the amount of $2,000.00 for each violation of Article 2, Chapter 75.

5. That she have and recover from the Defendant the costs of this action, together with a reasonable attorney's fee pursuant to the Fair Credit-reporting Act and N.C. G. S. Section 75-16.1.

6. That she have a trial by jury.

7. That she have and recover from the Defendant such other and further relief as may be just and proper.

DATED this 17 day of January 2005.

JOHN W. TAYLOR, P.C.

John W. Taylor, Bar No. 21378
Haley M. Jonas, Bar No. 30631
Attorneys for Plaintiff
P.O. Box 472827
Charlotte, NC 28247-2827
704-540-3622
704-540-3623 (fax)

Case 1:05-cv-00150-WWD   Document 2-2   Filed 02/23/05   Page 8 of 8