UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SALISBURY DIVISION
Civil Action No.: 1:05CV00150



SARA E. JOHNSON a/k/a Libby Johnson,

    Plaintiff,

vs.

MBNA AMERICA BANK,
NATIONAL ASSOCIATION,

    Defendant.

**ANSWER**

COMES NOW Defendant MBNA America Bank, National Association ("MBNA"), by and through counsel, and Answers the claims made by the Plaintiff in her Complaint as follows:

### FIRST DEFENSE
**Responses to Enumerated Paragraphs**

1. The allegations in Paragraph 1 state a legal conclusion to which no response is needed.

2. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2, and therefore denies the same.

3. MBNA admits the allegations contained in Paragraph 3.

4. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies the same. MBNA further states that the Complaint does not identify any employees of MBNA.

5. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore denies the same and demands strict proof thereof.

6. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and therefore denies the same and demands strict proof thereof.

7. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and therefore denies the same and demands strict proof thereof.

8. MBNA admits that it attempted to collect the outstanding balance that was owed on the credit card account at issue. MBNA denies the remaining allegations contained in Paragraph 8.

9. MBNA admits that it received correspondence from an attorney representing Plaintiff concerning this credit card account, but denies that it lacks documentation showing Plaintiff is an obligor on this credit card account. MBNA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 9, and therefore denies the same.

10. MBNA admits the allegations contained in Paragraph 10.

11. MBNA admits that it received communications from Plaintiff concerning this credit card account, but denies that it lacks documentation showing Plaintiff is an obligor on this credit card account. MBNA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 11, and therefore denies the same.

12. MBNA admits that it filed an arbitration demand against Plaintiff with the National Arbitration Forum. MBNA denies the remaining allegations contained in Paragraph 12.

13. MBNA admits the allegations contained in Paragraph 13.

14. MBNA admits the allegations contained in Paragraph 14.

15. MBNA admits that it has discontinued the arbitration action against Plaintiff. MBNA denies the remaining allegations contained in Paragraph 15.

16. MBNA admits that it has reported information concerning the credit card account at issue. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations concerning Plaintiff's credit file, and therefore denies the same and demands strict proof thereof. MBNA denies the remaining allegations contained in Paragraph 16.

17. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies the same and demands strict proof thereof.

18. MBNA admits that it received notices from consumer reporting agencies about the credit card at issue. MBNA further admits that it verified the account, but denies that the information it verified was false. MBNA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 at this time, and therefore denies the same.

19. MBNA denies the allegations contained in Paragraph 19.

20. MBNA admits that it continued to report information concerning the credit card account at issue. MBNA is without sufficient knowledge or information to form a belief as to the

3

truth of the allegations concerning Plaintiff's credit file, and therefore denies the same. MBNA denies the remaining allegations contained in Paragraph 20.

21. MBNA denies the allegations contained in Paragraph 21.

22. MBNA denies the allegations contained in Paragraph 22.

17.(sic) MBNA realleges and incorporates by reference herein its responses above to Paragraphs 1 through 22 of Plaintiff's Complaint.

18.(sic) Paragraph 18 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in paragraph 18 (sic).

19.(sic) MBNA realleges and incorporates by reference herein its responses above to Paragraphs 1 through 22, and 17 (sic) through 18 (sic), of Plaintiff's Complaint.

20.(sic) MBNA denies the allegations contained in Paragraph 20 (sic).

21.(sic) Paragraph 21 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 21 (sic).

22.(sic) Paragraph 22 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 22 (sic).

23.(sic) Paragraph 23 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 23 (sic).

24.(sic) MBNA realleges and incorporates by reference herein its responses above to Paragraphs 1 through 22, and 17 (sic) through 23 (sic), of Plaintiff's Complaint.

25.(sic) Paragraph 25 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 25 (sic).

26.(sic) Paragraph 26 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 26 (sic).

27.(sic) Paragraph 27 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 27 (sic).

28.(sic) MBNA realleges and incorporates by reference herein its responses above to Paragraphs 1 through 22, and 17 (sic) through 27 (sic), of Plaintiff's Complaint.

29.(sic) Paragraph 29 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA admits the allegations contained in Paragraph 29 (sic).

30.(sic) Paragraph 30 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA admits the allegations contained in Paragraph 30 (sic).

31.(sic) Paragraph 31 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 31 (sic).

32.(sic) Paragraph 32 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 32 (sic).

33.(sic) Paragraph 33 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 33 (sic).

34.(sic) MBNA realleges and incorporates by reference herein its responses above to Paragraphs 1 through 17, and 17 (sic) through 33 (sic), of Plaintiff's Complaint.

35.(sic) Paragraph 35 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in paragraph 35 (sic).

36.(sic) Paragraph 36 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA admits the allegations contained in Paragraph 36 (sic).

37.(sic) Paragraph 37 (sic), and all subparts thereof, states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 37 (sic), and all subparts thereof.

38.(sic) Paragraph 38 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 38 (sic).

39.(sic) Paragraph 39 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 39 (sic).

40.(sic) Paragraph 40 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 40 (sic).

41.(sic) Paragraph 41 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 41 (sic).

42.(sic) MBNA realleges and incorporates by reference herein its responses above to Paragraphs 1 through 17, and 17 (sic) through 41 (sic), of Plaintiff's Complaint.

43.(sic) Paragraph 43 (sic) states a legal conclusion to which no response is needed. To the extent a response is required, MBNA denies the allegations contained in Paragraph 43 (sic).

50. All allegations in the Complaint not specifically admitted are hereby denied.

## SECOND DEFENSE
### Arbitration

Plaintiff's claims may be subject to resolution solely through binding arbitration, and, to the extent that they are, MBNA will move to compel arbitration and to stay this action pending arbitration.

## THIRD DEFENSE
### Failure to State a Claim

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and therefore should be dismissed.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by the statute of limitations.

6

### FIFTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by federal preemption of state law.

### SIXTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by voluntary payment, waiver, estoppel, and/or ratification.

### SEVENTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by her failure to mitigate damages.

### EIGHTH DEFENSE

Some or all of Plaintiff's claims are or may be barred by the truth of the statements allegedly made.

### NINTH DEFENSE

MBNA reserves the right to assert further defenses should any arise during the course of these proceedings.

WHEREFORE, defendant MBNA America Bank, National Association, prays this Court to enter Judgment as follows:

1. That Plaintiff have and recover nothing of MBNA, and that her Complaint be dismissed with prejudice;
2. That the costs of this action be taxed against Plaintiff;
3. That this Court award MBNA such other and further relief as it deems just and proper.

Respectfully submitted, this 2nd day of March, 2005.

McGuireWoods LLP

By: _____
John V. Cacheris (N.C.S.B. #20885)
Bank of America Corporate Center
100 North Tryon Street, Suite 2900
Charlotte, North Carolina 28202
Telephone: (704) 373-8999

*Counsel for Defendant*
*MBNA America Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Answer** was served on counsel for the Plaintiff, by United States mail, postage prepaid, at the address set forth below, on this the 2¹ day of March, 2005.

_____
John J. Cacheris

SERVED ON:

John W. Taylor, Esq.
Haley M. Jonas, Esq.
John W. Taylor, P.C.
P.O. Box 472827
Charlotte, NC 28247-2827

*Counsel for Plaintiff Sara E. Johnson a/k/a Libby Johnson*

9